

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00184-CV

IN THE MATTER OF K.N.M., A CHILD

On Appeal from the County Court at Law No 1
Randall County, Texas
Trial Court No. 5643-J, Honorable James W. Anderson, Presiding

October 14, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

K.N.M., a juvenile,[1] appeals an order of County Court at Law Number One of Randall County, sitting as a juvenile court, modifying her existing order of probation and committing her to the custody of the Texas Juvenile Justice Department for an indeterminate period not exceeding her nineteenth birthday.   Her court-appointed

---

[1] We refer to the child by her initials only.  *See* TEX. FAM. CODE ANN. § 56.01(j) (West 2014); TEX. R. APP. P. 9.8(c).

appellate counsel has filed a motion to withdraw supported by an *Anders*[2] brief.  We will grant counsel's motion to withdraw and affirm the order of the juvenile court.

## Background

K.N.M. had initial contact with juvenile authorities in 2011 for truancy and running away from home.  In February 2012, she was adjudicated delinquent and placed under an order of probation for unauthorized use of a vehicle and evading arrest or detention.

Also during February, she attempted to escape from the county juvenile detention facility.  K.N.M. was briefly on runaway status during March 2012.  In April, she failed to attend court-ordered, in-school detention.  An October 2012 random urinalysis was positive for marijuana.

In November 2012, K.N.M. was placed in a psychiatric treatment facility for a brief interval after an attempted overdose on synthetic marijuana.  The next month the court modified her order of probation and placed her in a Nebraska children's home.

K.N.M. ran away from the children's home in January 2014 and traveled back to Texas with a truck driver.  Later in January, officers found her at the home of a former boyfriend in Randall County.  After she was apprehended, her probation was modified by adding conditions requiring electronic monitoring and placement in a county-operated residential facility.

---

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re D.A.S.,* 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (finding *Anders* procedures apply to juvenile matters).

Some twenty days later, K.N.M. removed the electronic monitor at school and fled on foot. A probation officer located her, but she refused to stop and ran from the officer. During the ensuing chase K.N.M. crossed all lanes of traffic on a busy interstate highway. Officers located her attempting to hide beneath a shed at a farm machinery store.

The State petitioned to modify the prior disposition. This, it requested, could include commitment to the Texas Juvenile Justice Department. As grounds, the pleading alleged K.N.M. violated the conditions of her probation by being discharged for misconduct from the county residential facility and for engaging in delinquent conduct by damaging her electronic monitor strap.

At the modification hearing, K.N.M. plead true to the grounds alleged but contested commitment to TJJD. Besides establishing the stated background facts, the hearing evidence indicated K.N.M. used tobacco, marijuana and synthetic marijuana, often obtaining the latter substance "from her mother's stash." According to a probation officer's testimony, K.N.M. was "in detention about twelve to fifteen times for different offenses." At the conclusion of the hearing the trial court imposed the noted disposition. This appeal followed.

Analysis

Through her motion to withdraw and *Anders* brief, counsel for K.N.M. demonstrates a diligent review of the record. The brief discusses the procedural history, facts, and law applicable to the case. Counsel concludes under the controlling authorities this record presents no arguably meritorious grounds for appeal.

Counsel indicates she served K.N.M. with a copy of the motion to withdraw and *Anders* brief, and advised K.N.M. of the right to review the record and file a *pro se* response.[3]   *Johnson v. State,* 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. refused).   Counsel further indicates she provided K.N.M. with a copy of the trial court record.   By letter, we notified K.N.M. and her mother of the opportunity to respond to counsel's motion to withdraw and *Anders* brief.   Neither filed a response.

In conformity with the standards for review after counsel files an *Anders* brief, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.).   If this court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel.   *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We have reviewed the entire record to determine the existence of any arguable grounds for appeal.   *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005).   Finding no arguable grounds supporting a claim of reversible error, we agree with counsel that the appeal has no merit.

---

[3] The certificate of service attached to counsel's *Ander's* brief indicates she also served K.N.M.'s mother with a copy.

Conclusion

The motion of counsel to withdraw is granted and the order of the trial court is affirmed.[4] TEX. R. APP. P. 43.2(a).

James T. Campbell
Justice

---

[4] Counsel shall, within five days after this opinion is handed down, mail K.N.M. and her mother a copy of the opinion and judgment, along with notification of the right to file a *pro se* petition for discretionary review under appellate rule 53. The documents and notification shall be sent to K.N.M. and her mother at their last known addresses via certified mail, return receipt requested. Counsel shall also send this court a letter certifying compliance and attaching a copy of the return receipts within the time for filing a motion for rehearing. TEX. R. APP. P. 2; *cf.* TEX. R. APP. P. 48.4 ("opinion sent to criminal defendant").